UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

—————————————————————————————

UNITED STATES OF AMERICA,

                          Plaintiff,

                                                    DECISION AND ORDER

                                                    05-CR-6161L

              v.

DAVID FINNMAN,

                          Defendant.

—————————————————————————————

       Defendant, David Finnman ("Finnman"), through counsel, requests leave to appear at a

hearing concerning restitution, now scheduled for May 11, 2009, by videoconferencing (Dkt. # 476).

Defendant Finnman lives in Phoenix, Arizona.

       Finnman has previously appeared via videoconference when the Court has discussed issues

of law with counsel.  He did appear in person at the sentencing proceeding when the Court

pronounced a term of imprisonment, supervised release and related sentencing determinations.

       The Government opposes Finnman's request to appear by videoconferencing (Dkt. #471).

The Government claims that the defendant must be present, based on its interpretation of FED. R.

CRIM. P. 43.

       Because I disagree with the Government's analysis of Rule 43 and because most of the cases

cited by the Government were in situations where the defendant *objected* to sentencing proceedings

being held by videoconference, I will allow the defendant, for this one brief appearance, to appear by videoconferencing.

Because the hearing is but a few days away, I enter this order now but expect to expand upon my rationale for this decision at a later time. Defendants are permitted to waive many statutory and constitutional rights, too numerous to mention. If the defendant -- who could absent himself *completely* from sentencing -- consents to appear by videoconference, I believe, in the Court's discretion, that such is permitted.

In order to facilitate defendant's waiver, the Government is to prepare a waiver form which it believes best memorializes defendant's waiver. I would expect that this would be signed prior to our proceeding on May 11 but if not, the Court, using the form prepared by the Government, will question Finnman, under oath, prior to commencement of the proceeding to clearly establish that he understands his rights and is willing to waive them.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      May 7, 2009.